JOHN EISELE, JR., et al.

*v.*

FIRST NATIONAL BANK OF EDGEWATER.

[Decided May 14th, 1928.]

Directors who, by mutual agreement, contributed a sum of money to the bank's treasury to meet a deficit caused by large overdrafts made by a certain depositor, are entitled to recover the moneys paid in by them on implied trust, after the depositor has made good his overdrafts.

---

On appeal from a decree in the court of chancery advised by Vice-Chancellor Lewis.

*Mr. William B. Gourley,* for the appellant.

*Mr. Ryland E. Lippincott* and *Mr. Marshall W. Van Winkle,* for the respondent.

PER CURIAM.

In 1920, owing to the payment by the First National Bank of Edgewater, the present appellant, of certain large over-

drafts by one Hitchcock, amounting in the aggregate to nearly $25,000, the financial condition of the bank was greatly impaired; and, in this situation, the then directors of the bank got together and agreed among themselves to contribute a sum sufficient to meet this deficit, and thereafter paid such sum into the treasury of the bank. Subsequently, Hitchcock paid to the bank the amount of his overdrafts, and this restored the bank to its original financial status. The directors who had contributed the moneys required to meet the deficit, and who are the present respondents, then claimed that the overdrafts of Hitchcock having been made good, they were entitled to have repaid to them by the bank the moneys which they had raised and paid into its treasury for the purpose of protecting its stockholders and creditors against possible loss because of the deficit referred to. The bank refused to recognize their claim, or to restore the moneys to them, and thereupon the present suit was instituted, the complainants contending that the bank received the moneys upon the implied trust that it would return the same to the parties advancing them in case the defaulting depositor should thereafter make good his overdrafts. The defendant having filed its answer denying that it received the moneys from the complainants upon the trust alleged, the case came on for final hearing before the vice-chancellor, and, after a consideration of the matters involved, he held that the complainants were entitled to the relief sought. We concur in the conclusion reached by him considering that the proofs support the contention of the complainants that the moneys were paid by them to and received by the bank upon the implied trust asserted by them.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.